Michigan Supreme Court
Lansing, Michigan 48909

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED MAY 28, 2003**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v
                                 No. 120036

PRENTICE DEVELL WATKINS,

    Defendant-Appellant.

_____

**PER CURIAM**

We granted leave to appeal in this case to consider whether the trial court erred in questioning the defendant at the degree hearing.[1] The defendant pleaded guilty to charges of open murder and possession of a firearm during the commission of a felony, MCL 750.227b. At the plea hearing, the trial court accepted the defendant's plea after the court, pursuant to MCR 6.302(B)(3),[2] advised the defendant that he

---

[1] 467 Mich 868 (2002).

[2]

      (B) An Understanding Plea. Speaking directly

was waiving his trial rights, including the right to remain silent.  Pursuant to MCR 6.302(D)(1), the court also established support for the finding that the defendant was guilty of these offenses.

At the subsequent degree hearing held pursuant to MCL 750.318, the court heard from other witnesses and, without objection, questioned the defendant to determine the appropriate degree of the murder.  The court ultimately found defendant guilty of first-degree felony murder.  The Court of Appeals concluded that, although the trial court violated defendant's right against compelled self-incrimination, US Const, Am V; Const 1963, art 1, § 17, by calling him as a witness at the degree hearing, the error was harmless.  Thus, the Court of Appeals affirmed the first-degree felony-murder

---

to the defendant, the court must advise the defendant and determine that the defendant understands:

* * *

(3) if the plea is accepted, the defendant will not have a trial of any kind, and so gives up the rights the defendant would have at a trial, including the right:

* * *

(h) to remain silent during the trial.  [MCR 6.302.]

conviction.[3]  247 Mich App 14; 634 NW2d 370 (2001).

Although we too affirm the first-degree felony-murder conviction, we reject the Court of Appeals conclusion that the trial court erred by calling defendant to testify at the degree hearing.  A defendant may invoke the privilege against compelled self-incrimination at any point during a plea proceeding, but the privilege is waived if not asserted.  By invoking the privilege, the defendant risks losing the benefit of any plea bargain if the judge refuses to accept the plea.  Because defendant simply complied with the judge's request to testify and never asserted his right to remain free from compelled self-incrimination, he may not now claim error.

I

The opinion of the Court of Appeals provides this factual summary:

> On January 18, 1998, Allen Russell Stewart was shot in the back in his mother's front yard and died the same day from his gunshot wound.  There were no eyewitnesses to the shooting, although the next-door neighbor recalled seeing two men standing by a tree shortly before Allen was shot, and stated that she heard the gunshot.  Allen's mother, Charlene Stewart, also heard a loud noise at the time of the shooting and observed Allen staggering into her kitchen with blood on his head.  Charlene said that after Allen was shot, she was unable to locate his wallet or several pieces of jewelry that he normally wore.  A police officer who responded to Charlene's 911 call noticed that Allen had duct

---

[3]  Defendant did not challenge his felony-firearm conviction.

tape on his wrists. After a search of Allen's room at his mother's house, the officer found what appeared to be drug-trafficking paraphernalia and 10.98 grams of crack cocaine with an estimated value of $1,000.

The police subsequently received information that defendant may have been involved in the shooting. A police detective traveled to Kentucky, where defendant was in jail on an unrelated charge, and interviewed defendant after he waived his *Miranda*[2] rights. According to the detective, defendant initially denied any involvement in the shooting or that he had ever been to Michigan. During a third interview, defendant allegedly admitted that he and a friend, Ardell Robinson, went to the neighborhood to attend a party and sat on the hood of Allen's car waiting for the party to begin. Defendant claimed that Allen pushed him and his gun went off as he slipped and fell. In a fifth interview, defendant allegedly told the detective that Robinson gave him a gun before they arrived in Allen's neighborhood. Defendant said that Robinson grabbed Allen, and when Allen broke away and approached defendant, he pulled his gun and it went off. The detective claimed that defendant further admitted that he and Robinson discussed robbing someone.

The prosecution charged defendant with open murder and felony-firearm. At a hearing on November 4, 1999, defendant pleaded guilty to both charges and claimed that he shot Allen after the two fought. During the course of the plea hearing, the court informed defendant that by pleading guilty he was waiving his right to a jury trial and the right to remain silent at that trial. Defendant indicated his understanding of his rights and the consequences of his plea and waived his rights on the record.

On November 8, 1999, the court held a degree hearing pursuant to MCL 750.318.[3] At the hearing, the prosecution presented several witnesses, including Charlene Stewart, the police officer who responded to the scene following the shooting, and the detective who interviewed defendant. The prosecution also called a forensic pathologist who

4

testified that Allen had scrapes on his forehead and face and died as a result of the gunshot wound. According to the pathologist, the bullet entered Allen's back, traveled down through his body, perforating his aorta, and stopped in his thigh. After the prosecution and defense rested, the court called defendant as a witness, and he was questioned both by the court and the prosecution. Defense counsel did not object to the court calling defendant as a witness or to defendant's testimony. During his testimony, defendant denied robbing Allen and continued to insist that the shooting occurred as the two fought.

In an oral decision following the degree hearing, the trial court found that defendant planned to rob Allen and that the shooting could not have happened in the manner described by defendant. The court then concluded that the killing constituted felony murder because it occurred during the course of a robbery.

_____

[2] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[3] MCL 750.318 provides in pertinent part:

The jury before whom any person indicted for murder shall be tried shall, if they find such person guilty thereof, ascertain in their verdict, whether it be murder of the first or second degree; but, if such person shall be convicted by confession, the court shall proceed by examination of witnesses to determine the degree of the crime, and shall render judgment accordingly.

_____

[247 Mich App 14-19.]

II

A trial court's authority to examine a defendant at a degree hearing following the hearing at which a guilty plea for open murder was accepted is a question of law, which we review de novo. *People v Riddle,* 467 Mich 116; 649 NW2d 30

(2002).

## III

Before accepting a guilty plea, a trial court must question the defendant to ascertain whether there is support for a finding that the defendant is guilty of the offense to which he is pleading guilty. To facilitate compliance with a defendant's procedural rights, this Court adopted MCR 6.302(D)(1), which provides:

> If the defendant pleads guilty, the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading.

The court must also ascertain the degree of the offense after a defendant pleads guilty of open murder. MCL 750.318 provides that if a defendant "shall be convicted by confession, the court shall proceed by examination of witnesses to determine the degree of the crime, and shall render judgment accordingly." Hence, on defendant entering a plea of guilty of open murder, a court must determine whether the defendant is guilty of either first- or second-degree murder as defined in MCL 750.316, 750.317.

The scope of inquiry at a plea colloquy is a function of the questions posed by the court and the information offered by a defendant.

> [A court may] make whatever inquiry it deems necessary in its sound discretion to assure itself

6

the defendant is not being pressured to offer a plea for which there is no factual basis. A defendant who withholds information by invoking the privilege against self-incrimination at a plea colloquy runs the risk the . . . court will find the factual basis inadequate. [*Mitchell v United States,* 526 US 314, 324; 119 S Ct 1307; 143 L Ed 2d 424 (1999).]

The degree hearing is simply an extension of the plea hearing. At the plea hearing, the court questioned the defendant to determine whether there was a sufficient factual basis to support the guilty plea of open murder, and, at the degree hearing, the court questioned the defendant in order to fulfill its duty under MCL 750.318 to determine whether there was a factual basis to support a finding that defendant was guilty of first-degree murder or only second-degree murder.

The Court of Appeals erred in its application of *Mitchell,* in which the United States Supreme Court concluded that an accused's waiver of the right against compelled self-incrimination did not waive the right to invoke the privilege at a sentencing proceeding. The Court of Appeals relied on *Mitchell* and concluded that defendant did not, by waiving his right to be free from compelled self-incrimination at the plea hearing, waive that right for the purposes of the degree hearing, and that the trial court, therefore, erred in compelling defendant to testify at that hearing. *Mitchell* is inapposite not only because a degree hearing is not akin to a sentencing proceeding, but also because the defendant in

*Mitchell* expressly invoked the Fifth Amendment privilege at the sentencing hearing, whereas defendant voluntarily answered the trial court's questions in the case at bar. The right to be free from compelled self-incrimination is not self-executing,[4] and the Court of Appeals erred in suggesting that the trial court compelled defendant to incriminate himself. Because defendant never invoked his privilege against self-incrimination, the right must be considered waived.

IV

We have reviewed defendant's remaining claims and find no basis upon which to grant the defendant relief. Therefore, although we reject the Court of Appeals conclusion that the trial court erred by calling the defendant to testify at the degree hearing, we affirm defendant's first-degree felony-murder conviction.

> Maura D. Corrigan
> Michael F. Cavanagh
> Elizabeth A. Weaver
> Marilyn Kelly
> Clifford W. Taylor
> Robert P. Young, Jr.
> Stephen J. Markman

---

[4] See *People v Smith*, 257 Mich 319; 241 NW 186 (1932) ("In all cases where a personal privilege exists for a witness to testify or not, if such witness does testify without objection he will be deemed to have done so voluntarily.").