# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KEITH JAMAR MOSSON,

        Defendant-Appellant.

UNPUBLISHED
July 16, 2015

No. 321193
Wayne Circuit Court
LC No. 13-004021-FC

Before: HOEKSTRA, P.J., and JANSEN and METER, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of unarmed robbery, MCL 750.530, assault with intent to commit unarmed robbery, MCL 750.88, unlawful imprisonment, MCL 750.349b, and first-degree home invasion, MCL 750.110a(2). Defendant was sentenced to 8 to 15 years' imprisonment for the unarmed robbery, assault with intent to commit unarmed robbery, and unlawful imprisonment convictions, and 8 to 20 years' imprisonment for the first-degree home invasion conviction. We affirm.

This case arises from the robbery and assault of Joseph Conder and Nicholas Hasson in Detroit. Defendant and codefendant, Terrance Lomonte Verge, initially assaulted Conder and Hasson outside a liquor store. Then, after Hasson managed to escape back inside the store, defendant and Verge robbed Conder, forced him into a car, and drove him to an automated teller machine to get more money for them. When Conder was unable to withdraw the funds, defendant and Verge drove him back to the apartment he shared with Hasson. Defendant forced his way into the apartment, assaulting Conder inside. Hasson and Conder were able to elude defendant and flee out of the apartment's rear entrance.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends that defense counsel's failure to review the liquor store's surveillance video with him, investigate the apartment's second-story door handle for fingerprints, clarify on the record that defendant did not have a prior conviction involving theft or dishonesty, and provide sound advice regarding whether defendant should testify all fell below an objective standard of reasonableness and that defendant was thereby prejudiced. We disagree.

To preserve a claim of ineffective assistance of trial counsel for appellate review, a defendant must move for a new trial or for a *Ginther*[1] hearing. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014). Defendant did not move for a new trial or a *Ginther* hearing in the trial court. Therefore, this issue is unpreserved for appellate review. See *id*.

"A claim of ineffective assistance of counsel presents a mixed question of law and fact." *People v Brown*, 294 Mich App 377, 387; 811 NW2d 531 (2011). "This Court reviews a trial court's findings of fact, if any, for clear error, and reviews de novo the ultimate constitutional issue arising from an ineffective assistance of counsel claim." *Id*. A finding is clearly erroneous if " 'the reviewing court is left with a definite and firm conviction that a mistake has been made.' " *Lopez*, 305 Mich App at 693 (citation omitted). This Court reviews an unpreserved claim of ineffective assistance of counsel for errors apparent on the record. *Id.*

"To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his attorney's performance was objectively unreasonable in light of prevailing professional norms; and (2) that he was prejudiced by the deficient performance." *People v Walker*, 497 Mich 894, 895; 855 NW2d 744 (2014). To show prejudice, a defendant "must demonstrate a reasonable probability that but for counsel's errors, the result of the proceedings would have been different." *People v Gaines*, 306 Mich App 289, 300; 856 NW2d 222 (2014) (citation and quotation marks omitted). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012) (citation and quotation marks omitted). More specifically, there is a strong presumption that defense counsel employed effective trial strategy, *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009) (citation omitted), and this Court "will not substitute our judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence," *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008). "A particular strategy does not constitute ineffective assistance of counsel simply because it does not work." *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004).

## A. SURVEILLANCE VIDEO

"Trial counsel is responsible for preparing, investigating, and presenting all substantial defenses." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). A substantial defense is one that could have made a difference in the trial's outcome. *Id*. "Failure to make a reasonable investigation can constitute ineffective assistance of counsel." *People v McGhee*, 268 Mich App 600, 626; 709 NW2d 595 (2005). Provided that defense counsel makes a complete investigation, however, the decision regarding what evidence to present is a matter of trial strategy. *Wiggins v Smith*, 539 US 510, 521-522; 123 S Ct 2527; 156 L Ed 2d 471 (2003).

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

In this case, it is not apparent from the record that defense counsel failed to make a reasonable investigation of the surveillance video from the liquor store. See *Lopez*, 305 Mich App at 693. The video was a bone of contention between defense counsel and the prosecution long before defendant's trial. Defense counsel first informed the trial court that the prosecution had not provided the video during a final conference on October 1, 2013. On October 18, 2013, in another final conference, defense counsel complained that the prosecution still had not produced the video and told the trial court that he believed it was exculpatory. The judge ordered the prosecutor to make the video available to defense counsel that day. Defense counsel moved for an adjournment so that he could watch the video and have sufficient time to prepare his defense. The trial court denied the motion but promised to hear any potential defense motions regarding the video on the day of the trial. At the close of the conference, the judge told defense counsel, "Well, you're getting the video today. And if you see anything on the video that warrants a motion, bring it before the [c]ourt." More than three months elapsed between that conference and a February 3, 2014 pretrial hearing on defendant's motion to dismiss on the ground of Conder's and Hasson's allegedly perjured testimony at the preliminary examination. Defense counsel said nothing at the motion hearing to suggest that the prosecution had failed to provide the video. In support of defendant's motion, defense counsel pointed out instances in which Conder's and Hasson's testimony had been inconsistent, and he noted that "there was also a video that likewise was in conflict with these statements."

Defense counsel also made use of the video at trial, although the prosecution admitted it into evidence. Defense counsel cross-examined Hasson aggressively and attempted to use the video to impeach the testimony that Hasson had given on direct examination. The prosecutor also told the judge that defense counsel had seen the video before the trial, and defense counsel did not disagree. Defense counsel additionally suggested during his closing argument that the trial court might want to review the entire video, rather than just the portions that the prosecution and defense counsel played during the trial. Thus, while it is unclear to what extent defense counsel viewed the video, there is nothing in the record to rebut the presumption that he at least performed a reasonable investigation. See *Lopez*, 305 Mich App at 693; *Eisen*, 296 Mich App at 329; *McGhee*, 268 Mich App at 626.

On appeal, defendant offers no legal authority to support his contention that defense counsel was required to watch the video *with him*. Nor does defendant establish that defense counsel's reasonable investigation of the video prejudiced him. See *Gaines*, 306 Mich App at 300. In his brief on appeal, defendant argues that reviewing the video with defense counsel would have enabled him to point out the casual nature of the interaction between defendant, Verge, Conder, and Hasson, and he further contends that the video would have shown no physical altercation between defendant and Hasson. Defendant does not state, however, why defense counsel would have been unable to glean these details on his own. Further, defense counsel raised the issue of a physical altercation during his cross-examination of Hasson when he said, "And that's Mr. – and then Mr. Mosson walks away. Did you see that? No one's running. No one's running towards you a second time. Did you see that?" Hasson retorted that the video did not include all of the interactions between the four men, and he also stated on redirect examination that the surveillance video did not capture the entire area around the liquor store and the apartment. Accordingly, a review of the record indicates that defense counsel's decision not to use the video more extensively was a matter of reasonable trial strategy, and defense counsel's

failure to review the video with defendant did not prejudice him.  See *Gaines*, 306 Mich App at 300; *Wiggins*, 539 US at 521-522.

## B.  FINGERPRINTS

Defendant next contends that defense counsel was ineffective for failing to request fingerprint analysis on the apartment's second-story door handle, as that analysis would have revealed that defendant was never in the apartment.  There was no testimony, however, that defendant ever touched the handle with his hand.  Hasson testified that the door was "splintered like a person was kicking it," and Conder and Hasson both recalled that the handle had been broken off the door.  Conder's testimony, coupled with the damage to the apartment, convinced the trial court that defendant had indeed been inside, and it is doubtful that the absence of defendant's fingerprints on the second-story door handle would have changed the judge's mind.  Moreover, Hasson testified that the first-floor entry where defendant first broke in was part of the apartment and was where he and Conder kept their coats and mail.  Thus, defendant need not have ascended to the second story or touched the door there for the court to find him guilty of home invasion.  Accordingly, the absence of his fingerprints on the door handle did not constitute a substantial defense, and defense counsel reasonably chose not to investigate it or present it to the trial court.  See *Chapo*, 283 Mich App at 371; *Wiggins*, 539 US at 521-522.  Defendant was also not prejudiced by defense counsel's choice in this regard because there is no reasonable probability that the lack of defendant's fingerprints on the handle would have changed the trial's outcome.  See *Gaines*, 306 Mich App at 300.

## C.  PRIOR CONVICTION

MRE 609 governs impeachment of a witness by evidence of conviction of a crime.  The rule, however, does not permit wholesale admissibility of *any* past criminal conviction.  Only a criminal conviction involving an element or dishonesty or false statement or a criminal conviction involving theft punishable by more than one year's imprisonment or death is potentially admissible under the rule.  MRE 609(a)(1) and (2).  Additionally—and more importantly for defendant's appeal—MRE 609(c) bars the admission of evidence of a criminal conviction "if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date."

On appeal, defendant contends that defense counsel's failure to clarify on the record that he had no prior felonies containing elements of theft or dishonesty led him not to testify.  Specifically, the criminal conviction in question stemmed from a 1995 arrest that the prosecution characterized as a breaking and entering a building with intent conviction and defense counsel maintained was an entering without owner's permission conviction.  In either case, evidence of the conviction was inadmissible under MRE 609 because defendant was convicted in 1995 and was only sentenced to a year of probation.  See MRE 609(c).

Under those circumstances, defense counsel's refusal to state on the record that defendant had never been convicted of a felony involving theft or dishonesty was entirely reasonable.  See *Walker*, 497 Mich at 895.  Indeed, such a statement would have been utterly useless.  Defendant equally fails to show prejudice as a result because evidence of the conviction would have been

inadmissible under MRE 609 whether defense counsel made the statement on the record or not. See *Gaines*, 306 Mich App at 300.

## D. DECISION NOT TO TESTIFY

Both the United States Constitution and the Michigan Constitution confer upon a criminal defendant the right to testify at trial. US Const, Am XIV; Const 1963, art 1, §§ 17, 20. But "[a]lthough counsel must advise a defendant of this right, the ultimate decision whether to testify at trial remains with the defendant." *People v Bonilla-Machado*, 489 Mich 412, 419; 803 NW2d 217 (2011). If a defendant intentionally relinquishes or abandons the right to testify, the right will be deemed waived. See *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Finally, as with all claims of ineffective assistance, a defendant must establish the factual predicate for a claim that defense counsel was ineffective in advising the defendant not to testify. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

We note at the outset that defendant's self-serving affidavit is the only evidence he offers to support his claim that defense counsel provided ineffective assistance by advising him not to testify. This Court's review, however, is limited to the existing lower court record. See *Lopez*, 305 Mich App at 693; *People v Watkins*, 247 Mich App 14, 31; 634 NW2d 370 (2001) (refusing to consider the defendant's affidavit in support of an ineffective assistance of counsel claim because it was not part of the lower court record), aff'd but criticized on other grounds by 468 Mich 233 (2003). At trial, the following exchange took place between defendant, defense counsel, and the trial judge after the prosecution's case-in-chief:

> *Mr. McRipley* [defense counsel]: On behalf of Mr. Mosson he's been advised of his right to testify in this trial, has indicated to me that he would like to waive that right and we'll go straight to closing, your Honor.
>
> Is that correct, Mr. Mosson?
>
> *Defendant Mosson*: Yes, sir.
>
> *The Court*: If so, Mr. Mosson, you, for the record I think that's clear. You know you have the right to testify and if you don't it's your call, your choice as to whether you do or do not. So again it's your call, your choice, is that right, sir?
>
> *Defendant Mosson*: Yes, sir.
>
> *The Court*: Very well.

Defendant also acknowledged at his sentencing that he had the opportunity to testify at his trial and had waived that right. He remarked that he knew he had to live with his decision, but said that, "I kind of regret not testifying now because certain things didn't come out to light." Thus, rather than supporting defendant's claim that defense counsel persuaded him not to testify, the record establishes that defendant was apprised of his right to testify and voluntarily waived that right. See *Carter*, 462 Mich at 215. Accordingly, defendant fails to establish the factual

predicate for his claim and cannot demonstrate that defense counsel's performance failed to meet an objectively reasonable standard. See *Walker*, 497 Mich at 895; *Hoag*, 460 Mich at 6.

Additionally, while this Court need not consider defendant's affidavit, defendant asserts that he was helping Verge collect money from Conder for a drug debt, and that he would have testified to that effect had defense counsel not advised him otherwise. Advising defendant not to testify was therefore sound trial strategy, as his testimony would only have provided defendant's justification for his actions and would not have negated the testimony that the criminal acts occurred. See *Unger*, 278 Mich App at 242-243. Defense counsel's advice did not lead to defendant's acquittal but it was, nevertheless, sound trial strategy. See *Matuszak*, 263 Mich App at 61.

Moreover, we simply cannot determine what effect, if any, defendant's testimony may have had on the trial because this Court's review is limited to the lower court record and because defendant did not testify. See *Lopez*, 305 Mich App at 693. Defendant therefore fails to establish that the outcome of the case would have been different had he testified, and thus, fails to show that defense counsel's performance at trial prejudiced him. See *Gaines*, 306 Mich App at 300.

## II. SENTENCING GUIDELINES

Defendant next contends that he is entitled to resentencing because the trial court used the incorrect cell in calculating his guidelines sentence range, and that his sentence was based on incorrect information as a result. Defendant further contends that defense counsel's failure to correct the trial court's error constituted ineffective assistance of counsel. We disagree.

Proper interpretation and application of the statutory sentencing guidelines "are both legal questions that this Court reviews de novo." *People v Francisco*, 474 Mich 82, 85; 711 NW2d 44 (2006). "In general, a defendant is entitled to resentencing on the basis of a scoring error if the error changes the recommended minimum sentence range under the legislative guidelines." *Id.* at 89 n 8. Furthermore, if a trial court's scoring error results in a higher sentencing guidelines range, this Court must remand for resentencing even if the actual sentence imposed fell within the correct guidelines range. *Id.* at 88-91. "Where a scoring error does not alter the appropriate guidelines range, resentencing is not required." *People v Bowling*, 299 Mich App 552, 563; 830 NW2d 800 (2013) (citation and quotation marks omitted). Additionally, this Court has held that "when a trial court sentences a defendant in reliance upon an inaccurate guidelines range, it does so in reliance upon inaccurate information." *Francisco*, 474 Mich at 89 n 7. Our Michigan Supreme Court, in turn, has held that a defendant's sentence that is based on inaccurate information requires remand for resentencing. *People v Jackson*, 487 Mich 783, 792; 790 NW2d 340 (2010).

Defendant argues, and the prosecution concedes, that the trial court used the wrong sentencing cell after making changes to defendant's offense variable (OV) and prior record variable (PRV) totals. A review of the Sentencing Information Report (SIR) the trial court used at sentencing supports their assertions. The SIR shows the trial judge's handwritten corrections to the original point totals, which reduced defendant's OV total from 36 to 26 and PRV total from 60 to 55. Assuming—as defendant and the prosecution do—that the inquiry ends there, the

trial court's subsequent use of the E-IV rather than the E-III cell would have been an error that resulted in a sentence based on inaccurate information. See *Francisco*, 474 Mich at 89 n 7. Accordingly, remand for resentencing would be required. See *Jackson*, 487 Mich at 792.

However, the trial court did, in fact, use the correct sentencing cell. The trial court's SIR originally assessed 10 points for OV 4, 15 points for OV 8, 10 points for OV 14, and one point for OV 16, for a total of 36 points. After hearing arguments regarding the OVs, the court changed OV 14 to zero on the SIR, then changed defendant's OV total to 26. OV 9 was left at zero on the SIR. During sentencing, however, the prosecution argued that OV 9 should be properly assessed at 10 points because there were two victims in the case. The trial judge asked for a response, and defense counsel discussed OV 8 briefly before stating, "I'm agreeing that OV-9 should be 10 and I think OV-8 they made a mistake." The judge briefly discussed OV 8 and concluded that 15 points was an appropriate assessment, then noted shortly after, ". . . that would add 10 to the OV as it stands right now based on your, your comments, okay?" Presumably, as no other OVs had been discussed up to that point, the judge meant that he intended to assign 10 points to OV 9, an assessment that the prosecutor and defense counsel both explicitly agreed with.

Despite the fact that the trial judge failed to write 10 points in for OV 9 on the SIR, the sentencing transcript reveals his intention to do just that. Further, it reveals that the prosecution and defense counsel were both aware of that fact and assented to the assessment. Defendant's OV total, then, should have been 36, not the 26 that the trial judge wrote on the SIR. Defendant's PRV total was 55, as correctly expressed on the SIR. Using the appropriate sentencing grid, the court should then have sentenced defendant using the E-IV cell, with a sentencing range of 84 to 140 months. MCL 777.63. The SIR indicates that the court did indeed use the E-IV grid to arrive at a sentencing range of 84 to 140 months. Accordingly, based on all parties' statements at sentencing, the trial judge correctly sentenced defendant despite his failure to add 10 points for OV 9 on the SIR, and defendant's sentence was not based on inaccurate information. See *Jackson*, 487 Mich at 792; *Francisco*, 474 Mich at 89 n 7.

Defendant's claim of ineffective assistance of counsel on this issue must also fail because the trial court sentenced defendant correctly. While defense counsel perhaps could have been more diligent in determining exactly what defendant's OV total was and what sentencing cell the court was using, defendant fails to establish that counsel's performance at sentencing fell below an objective standard of reasonableness. See *Walker*, 497 Mich at 895. Moreover, if defense counsel had corrected the trial judge, the only difference would have been that the judge would have written 10 points in for OV 9 on the SIR, not that the court would have given defendant a lesser sentence under the E-III cell. Accordingly, defendant fails to show that he was prejudiced. See *Gaines*, 306 Mich App at 300.

Affirmed.


/s/ Joel P. Hoekstra
/s/ Kathleen Jansen
/s/ Patrick M. Meter