*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 14, 2023

Plaintiff-Appellant,

v

No. 362592
Wayne Circuit Court
LC No. 21-004718-01-AR

DEONTA DAMEK COLE,

Defendant-Appellee.

Before: LETICA, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] the circuit court's order that affirmed the district court's order dismissing one count of possession of 50 or more, but less than 450 grams of cocaine, MCL 333.7403(2)(a)(*iii*), based on insufficient evidence. We reverse the circuit court's affirmance order and the district court's dismissal order and remand to the district court for further proceedings consistent with this opinion.

During the evening hours of New Year's Day 2021, two on-duty Detroit police officers conducted a traffic stop of a 2012 Dodge Durango for the civil infraction of operating a motor vehicle with tinted windows. See MCL 257.709(1)(a); MCL 257.683(6); Detroit Ordinances § 46-3-1. Defendant, the Durango's driver, was its lone occupant. The Durango was not registered in defendant's name, but defendant later told the police that the vehicle was registered to his godson.

After the police asked for defendant's driver's license and the vehicle's registration as well as proof of insurance, they discovered that the vehicle was not insured, potentially subjecting defendant to a misdemeanor charge. See MCL 500.3102(2).[2] Because the Durango was not insured, Detroit Police Department policy required the Durango to be towed.

---

[1] See *People v Cole*, unpublished order of the Court of Appeals, entered February 3, 2023 (Docket No. 362592).

[2] MCL 500.3102(2) provides:

-1-

As the police removed defendant from the Durango, an officer inquired whether he was in possession of narcotics or narcotics paraphernalia.[3] Defendant denied such items were present.

One of the officers then began an inventory search. The officer was aware from her experience that the window regulator area could be lifted with minimal pressure and that items like money, valuables, weapons, or contraband could be stored inside. Beneath the driver's side window regulator panel, the officer saw a plastic bag holding two plastic bags that contained approximately 57.90 grams of cocaine. Although the regulator panel was "intact" before the officer moved it, she testified that it lifted up "with minimal pressure."

The impounding officer continued the inventory search, opening the closed console between the front seats. From the bottom portion of the console, the officer recovered a hand-held digital scale with a white residue. This scale was not in plain view, but inside the console with other items.[4]

The officer also located an October 2020 receipt from an automobile collision shop that listed a "Mr. Cole" as the service recipient of an oil change. This receipt, however, did not reflect defendant's first name and the officer acknowledged that on the videotape. She stated that she did not know whether the receipt belonged to defendant.

The officer's body camera footage showed that defendant had $2,000 in cash in his possession when he was searched. Moreover, defendant told the officer that his house key was attached to the Durango's key fob.

The officer testified that she did not know the address to which the vehicle was registered. She also did not know the name of the vehicle's owner, did not know who put the cocaine in the vehicle, or how long it had been in the vehicle. The officer also did not know

---

> An owner or registrant of a motor vehicle . . . with respect to which security is required, who operates the motor vehicle . . . or permits it to be operated upon a public highway in this state, without having in full force and effect security complying with this section or [MCL 500.3101 or MCL 500.3103] is guilty of a misdemeanor. A person who operates a motor vehicle . . . upon a public highway in this state with the knowledge that the owner or registrant does not have security in full force and effect is guilty of a misdemeanor. A person convicted of a misdemeanor under this section shall be fined not less than $200.00 nor more than $500.00, imprisoned for not more than 1 year, or both.

The police eventually ticketed defendant for the civil infraction and the no-insurance misdemeanor.

[3] Although the officer's body camera footage was admitted as an exhibit during the preliminary examination, the district court judge viewed only portions of it. The video footage shows that the officer specifically asked defendant about "weed," "crack cocaine," or like items.

[4] Review of the video shows that the hand-held digital scale was beneath an open 100-count sandwich baggie box.

who else may have had access to the vehicle. Furthermore, she did not see defendant handling the narcotics and he had no drug paraphernalia on his person.

After the close of proofs at the preliminary examination, the prosecution asked the district court to bind defendant over on possession of cocaine as charged. The district court denied the request, holding there was insufficient evidence to bind defendant over to the circuit court because the prosecution failed to demonstrate there was probable cause to believe that defendant knowingly possessed the contraband.[5] The district court then dismissed the possession of cocaine charge.

The prosecution filed a claim of appeal in the circuit court. After briefing and argument, the circuit court affirmed the district court's decision, concluding that the district court had not abused its discretion in finding the prosecution failed to establish probable cause that defendant had constructive possession of the contraband recovered from the vehicle.[6]

On appeal to this Court, the prosecution continues to argue that the district court abused its discretion when it denied the prosecution's motion for a bindover and dismissed the possession of cocaine charge against defendant. We agree.

A district court's bindover decision regarding the sufficiency of the evidence is reviewed for an abuse of discretion. *People v Flick*, 487 Mich 1, 9; 790 NW2d 295 (2010). See also *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016) ("Absent an abuse of discretion, a reviewing court should not disturb the district court's bindover decision."). An

---

[5] The district court judge specifically stated that she did not want to hear a recitation of the facts because

> [t]he issue is whether or not [defendant] had knowledge that the drugs were in the car as they were found in the window regulator that was unbothered as your witness [the inventorying officer] explained. Explain to me how he had knowledge that those drugs were in that compartment of this vehicle that was not registered to him?

After the prosecutor responded that defendant had constructive knowledge of the cocaine, pointing to the key fob and the service receipt, the district court queried:

> If your [sic] driving your mother's vehicle – Your [sic] driving your aunt's vehicle to the store and you get stopped because the windows are tinted and there is something in the door that you – in the door of the vehicle are you telling me that you should know that there's something inside of a container in the door of the vehicle that your mother drives?

When the prosecutor responded affirmatively, the court thanked her and dismissed the case.

[6] The circuit court reasoned:

> the only thing [is] that . . . this gentleman was driving this vehicle that's not register[ed] to him in a place where items would not typically be found. There's nothing on this record that suggest[s] that the window regulator wasn't working. That there was something that would've caused him to investigate further as a person that was driving the car.

abuse of discretion occurs when the district court's decision falls outside the range of principled outcomes. *People v Shami*, 501 Mich 243, 251; 912 NW2d 526 (2018). Furthermore, "[t]his Court reviews de novo the bindover decision to determine whether the district court abused its discretion, giving no deference to the circuit court's decision." *People v Norwood*, 303 Mich App 466, 468; 843 NW2d 775 (2013) (quotation marks and citation omitted). If, however, the district court based its ruling on questions of law, its ruling is reviewed de novo. *Shami*, 501 Mich at 251. "Questions of statutory interpretation are similarly reviewed de novo." *Id.*

To bindover a defendant for trial, the prosecutor must demonstrate that a felony was committed and there was probable cause defendant committed the felony, which "requires a quantum of evidence 'sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief' of the accused's guilt on each element of the crime charged." *People v Yamat*, 475 Mich 49, 52; 714 NW2d 335 (2006); *People v Hudson*, 241 Mich App 268, 277; 615 NW2d 784 (2000), citing MCL 766.13. The prosecution is not required to prove each element beyond a reasonable doubt, but it must present some evidence of each element. *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003). The magistrate must review all the evidence presented, evaluating the competency and weight of the evidence, in addition to the credibility of the witnesses. *People v Anderson*, 501 Mich 175, 184; 912 NW2d 503 (2018). "Circumstantial evidence and reasonable inferences arising from the evidence are sufficient to support a bindover." *People v Corr*, 287 Mich App 499, 503; 788 NW2d 860 (2010). If the evidence conflicts or raises a reasonable doubt, the defendant should be bound over for resolution of the questions by the trier of fact. *People v Redden*, 290 Mich App 65, 84; 799 NW2d 184 (2010).

MCL 333.7403(1) prohibits a person from "knowingly or intentionally possess[ing] a controlled substance" that is "classified in schedule 1 or 2 that is a narcotic drug or a drug described in [MCL 333.7214(a)(*iv*)]." MCL 333.7403(2)(a). Cocaine is classified as a Schedule 2 controlled substance and is described in MCL 333.7214(a)(*iv*). To establish the element of possession, the prosecution must prove that the defendant had "dominion or right of control over the drug with knowledge of its presence and character." *People v Baham*, 321 Mich App 228, 247; 909 NW2d 836 (2017) (quotation marks and citation omitted). "The defendant need not own or have actual physical possession of the substance to be found guilty of possession; constructive possession is sufficient." *People v Cohen*, 294 Mich App 70, 76; 816 NW2d 474 (2011). "Constructive possession, which may be sole or joint, is the right to exercise control over the drug coupled with knowledge of its presence." *Id.* "Constructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the controlled substance." *Id.* at 76-77 (quotation marks and citation omitted). "Close proximity to contraband in plain view is evidence of possession." *Id.* at 77. Finally, and importantly, "because it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).

In this case, the prosecution presented evidence sufficient to establish probable cause that defendant knowingly possessed the cocaine because defendant had a connection to the contraband beyond his mere presence in the same location. It is undisputed that defendant was the sole occupant and driver of the vehicle. It is also undisputed that the plastic bags containing the cocaine were recovered from the area beneath the driver's side window regulator panel, which was in close proximity to defendant. Although the bagged cocaine was not in plain view, the seizing officer testified, and the videotape confirmed, that the panel was easily

removed and held plastic bags containing over 57 grams or two ounces of cocaine. This amount is not insignificant and has value. See e.g., *People v Watkins*, 468 Mich 233, 236; 661 NW2d 553 (2003) (quotation marks and citation omitted) ("10.98 grams of crack cocaine [had] an estimated value of $1,000"); *People v Thomas*, 260 Mich App 450, 451; 678 NW2d 631 (2004) ("The cocaine weighed slightly over 201 grams and had an estimated street value of $20,000.").

The police also seized a digital scale with a white residue on it from the bottom of the vehicle's center console. Again, although this scale was not in plain view, it was in close proximity to defendant and underneath an open box of 100 sandwich baggies. This box was plainly visible on the officer's bodycam video[7] upon opening the bottom center console. Given the proximity of the scale and the box of sandwich baggies, the baggies were certainly available to be used as packaging material for the cocaine that the police found in other plastic bags. See e.g., *People v Whittaker*, 465 Mich 422, 423; 635 NW2d 687 (2001) (describing a plastic bag that held 32 "plastic baggies containing rock cocaine"); *People v Mahdi*, 317 Mich App 446, 453; 894 NW2d 732 (2016) (describing the use of sandwich baggies to package drugs).

Additionally, $2,000 in cash was found on defendant's person at the time of the arrest.[8] Typically, one does not carry such a large amount of money. Indeed, our Supreme Court has recognized that "carrying a large sum of cash is strong evidence of some relationship with illegal drugs." See *In re Forfeiture of $180,975*, 478 Mich 444, 464; 734 NW2d 489 (2007); *People v Garvin*, 235 Mich App 90, 103; 597 NW2d 194 (1999) ("Obviously, it is highly peculiar for someone to carry such a large amount of cash [thousands of dollars] on one's person. . . . It is common knowledge that illicit drug transactions, being illegal, often involve cash payments.").

Acknowledging that the vehicle was not registered to defendant, reasonable inferences arising from the totality of the evidence presented indicate that defendant exercised dominion or right of control over the vehicle and its contents. See e.g., *People v McGhee*, 268 Mich App 600, 623; 709 NW2d 595 (2005) (noting "[c]ircumstantial evidence that a defendant had the exclusive control or dominion over property on which contraband narcotics are found is sufficient to establish that the defendant constructively possessed the drug"). First, the placement of defendant's house key on the vehicle's key fob suggested that defendant had care, control, or management over the vehicle and the contraband therein for more than a brief moment in time, contrary to the scenario raised in the district court's hypothetical. Second, the impounding officer discovered a receipt from an automobile collision shop dated October 2020, months before the January 2021 traffic stop, that listed "Mr. Cole" as the service recipient of an oil change. While the car's registrant was identified as defendant's godson during the preliminary examination, the godson's surname was not provided. Rather, the officer identified

---

[7] See footnote 3.

[8] See footnote 3. We recognize that the prosecution did not specifically argue this fact below; however, it was repeatedly stated on the officer's bodycam video, which was admitted as an exhibit during the preliminary examination. As already discussed, the examining "magistrate's duty at a preliminary examination is to consider all the evidence presented" before making a bindover determination. *Anderson*, 501 Mich at 178. We further note that, during the booking process, which was also on the videotape, defendant told the police that he was a self-employed real estate agent.

defendant, who had that surname, even as she conceded that she could not definitely link the receipt to defendant given that it lacked his first name. To summarize, defendant Cole, who had $2,000 in cash, was the lone operator of the vehicle containing the cocaine, the hand-held scale with white residue, and the box of baggies.

At this point, it bears repeating that "minimal circumstantial evidence will suffice to establish" a defendant's knowledge or intent and that his "state of mind . . . can be inferred from all the evidence presented." *Kanaan*, 278 Mich App at 622. Additionally, "the probable-cause standard at the preliminary examination 'is not a very demanding threshold,' " *People v Lewis*, 509 Mich 1052, 1052; 975 NW2d 450 (2022),[9] quoting *People v Harlan*, 258 Mich App 137, 145; 669 NW2d 872 (2003). In fact, probable cause to bind a defendant over on the charged crime may exist regardless of whether the evidence conflicts[10] or whether there is reasonable doubt as to the defendant's guilt. *Id*. In this case, the totality of the circumstantial evidence presented at the preliminary examination established defendant's knowledge of the cocaine as well as a legally sufficient connection between defendant, the vehicle, and the cocaine therein. Stated otherwise, the evidence presented at the preliminary examination was "sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief" that defendant constructively possessed the cocaine because he was the person who had secreted it. *Yamat*, 475 Mich at 52. Because the prosecution presented sufficient evidence to establish probable cause to believe that defendant had knowledge of and constructive possession over the cocaine in the vehicle, the district court abused its discretion when it denied the prosecution's motion for bindover and dismissed the possession of cocaine charge.

Reversed and remanded to the district court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Christopher M. Murray
/s/ Sima G. Patel

---

[9] "Supreme Court orders that include a decision with an understandable rationale establish binding precedent." *People v Giovannini*, 271 Mich App 409, 414; 722 NW2d 237 (2006).

[10] In this regard, we recognize that defendant denied possession of any drug or drug paraphernalia; however, the circumstantial evidence presented by the prosecution painted another picture, creating a question of fact for a jury's resolution.